UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

------------------------------------------------------------X  Case No.

VIRGEN ROSADO, on behalf of himself individually
and all others similarly situated

BROOKLYN OFFICE

plaintiff.

CLASS ACTION
COMPLAINT

MAUSKOPF, J.

-against-

ZENITH ACQUISITION CORP.

defendant.

MANN, M.J.

------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

INTRODUCTION

1.      This is an action brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") regarding defendant's deceptive acts and practices.

PARTIES

2.      Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3.      Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6), and is a domestic business corporation.

Defendant uses the mail to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

### JURISDICTION AND VENUE

4.     This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

### FACTUAL ALLEGATIONS

5.     That plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6.     That at a time within the knowledge of defendant, defendant began collecting a consumer debt allegedly incurred by plaintiff for personal purposes.

7.     That, on information and belief, sometime in early 2011, defendant wrote to plaintiff in an attempt to collect said debt. Said letter was defendant's first written communication with plaintiff.

8.     That said letter states in its caption, in pertinent part,:

"Re: LMH001-LAW OFFICE OF MEL HARRIS...Original Creditor: Chase Bank USA NA...Your CHASE BANK USA NA account has been listed with our office for collection...make your check or money order payable to Zenith Acquisition Corporation."

Defendant sent no other letter to plaintiff within 5 days after the said letter.

### AS AND FOR A FIRST CAUSE OF ACTION
### FDCPA §§1692e, 1692e(10) and 1692g(a)(2)

9.     That plaintiff re-alleges paragraphs 1 to 8 as if fully re-stated herein.

10.     That the said letter violates the FDCPA, including but not limited to §1692g(a)(2), in that the letter does not clearly identify the creditor to whom the debt is owed.

11.    That the letter's caption makes reference to the Law Office of Mel Harris, giving the consumer the impression that the account is owned by Mel Harris.

12.    That Chase Bank USA, N.A. is referred to only as the original creditor, not the current creditor or simply the creditor, which gives the consumer the impression that Chase once owned the debt but as of the mailing of the letter, Chase no longer does so.

13.    That, further, defendant's name is Zenith *Acquisition* Corp. and the letter directs plaintiff to make checks or money orders payable to defendant, thereby leading to the reasonable inference that defendant actually now owns the debt, having acquired it previously.

14.    That neither plaintiff nor the least sophisticated consumer would know, by reading the letter, who is the current creditor of the debt sought to be collected.

15.    That, on a fair reading of the letter, the current creditor could be a) Law Office of Mel Harris; b) Chase Bank USA, N.A.; or c) defendant itself.

16.    That, as a result of defendant's said insufficient identification of the creditor to whom the debt is owed, defendant is, further, in violation of the FDCPA, §§1692e and 1692e(10) in that defendant's said letter constitutes a deceptive and misleading means to attempt to collect a debt.

## AS AND FOR A SECOND CAUSE OF ACTION
### NYGBL §349

17.    That plaintiff re-alleges paragraphs 1 to 16 as if fully re-stated

18.    That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of

NYGBL §349.

19.     That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the one sent to plaintiff.

20.     That defendant's letter is deceptive and misleading in that a reading of defendant's collection letter does not reveal to the least sophisticated consumer the identity of the creditor on behalf of whom defendant seeks to collect debts.

21.     That plaintiff suffered confusion and irritation upon reading defendant's letter.

22.     That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

CLASS ALLEGATIONS

23.     That plaintiff re-alleges paragraphs 1-22 as if fully re-stated herein.

24.     That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e, 1692e(10) and 1692g(a)(2).

The Class shall be defined as follows: *All natural persons*

*to whom were sent by defendant at an address within the*

*United States a notice for the collection of a consumer debt,*

*which notice contains the statement, in sum or substance:*

   *" Re: LMH001-Law Office of Mel Harris...Original Creditor: Chase*
*Bank USA NA...Your CHASE BANK USA NA account has been listed*
*with our office for collection...make your check or money order payable*
*to Zenith Acquisition Corporation."*

The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

      25.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

      (A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

      (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters with an insufficient identification of the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. §§1692e, 1692e(10) and 1692g(a)(2).

      (C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination

from the records of defendant.

(D)     The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

26.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of incompatible or varying standards of conduct for defendant and would not be in the interest of judicial economy.

27.     That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to rule 23(b)(1)(A) or 23(b)(3) of the Federal Rules of Civil Procedure.

28.     That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

29.     That as a result of the above violations, defendant is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     certifying a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

(b)     statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(d)     statutory damages pursuant to NYGBL §349 in an amount to be determined at the time of trial;

(e)     enjoining defendant from committing further deceptive acts and practices against plaintiff pursuant to NYGBL §349;

(f)     reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(g)     for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
     August 5, 2011.

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com